**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| JERRON BIDDINGS, on behalf of ) <br> himself and others similarly-situated, ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> LAKE COUNTY, ) <br> Defendant. ) | Cause No.: 2:09-CV-38-PRC |

**OPINION AND ORDER**

This matter is before the Court on (1) Plaintiff's Motion to Certify Collective Action [DE 11] and (2) Plaintiff's Motion for Approval of Proposed Collective Action Notice and Opt-In Consent Form [DE 13], both filed by Plaintiff Jerron Biddings on March 11, 2009.

**PROCEDURAL BACKGROUND**

On February 25, 2009, Plaintiff Jerron Biddings, individually and on behalf of other similarly-situated Corrections Officers (collectively, "Plaintiffs") filed a Complaint and Demand for Jury Trial against Defendant Lake County, alleging that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Specifically, Biddings claims that Defendant failed to pay overtime wages to him and other similarly-situated Corrections Officers for time spent during "roll call," which generally began 15 minutes before the scheduled start of each shift, in violation of the FLSA.

On March 11, 2009, Plaintiff filed a Motion to Certify Collective Action [DE 11], requesting that the Court deem the FLSA claims of the Plaintiffs as a collective action, certify the class[1] of collective Plaintiffs, and order Defendant to produce a list, in electronic format and within 10 days of the Court's Order, of all Corrections Officers who have worked for any period of time from three years preceding the Court's Order approving conditional certification of the collective action until December 31, 2008, including each individual's name, job title, rank, address, telephone number, dates of employment as a Corrections Officer, and employee number.

Plaintiff also filed a Motion for Approval of Proposed Collective Action Notice and Opt-In Consent Form [DE 13] on March 11, 2009, requesting that the Court approve the attached "Notice of Collective Action Lawsuit" and accompanying "Notice of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act."

Defendant filed an Answer on April 3, 2009, denying the allegations of Plaintiff's Complaint. On April 23, 2009, the Court held a Rule 16 Preliminary Pretrial Conference at which it set a briefing deadline on the instant Motions. Defendant has failed to file a response brief to either of the instant Motions and the time to do so has passed.

This matter was previously before the Court on a Report and Recommendation. However, the parties have consented to have this case assigned to a United States Magistrate Judge to conduct

---

[1] Biddings seeks collective action status for the following class:

Present and former Corrections Officers in the Lake County Sheriff's Department employed by Lake County, who worked for any period of time from three years preceding the Court's order approving conditional certification of the collective action until December 31, 2008, and whom Lake County failed to pay overtime wages for the time he or she spent in "Roll Call," resulting in unpaid overtime.

Mot. Certify Collective Action at 1.

2

all further proceedings and to order the entry of a final judgment in this case. Thus, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## FACTUAL BACKGROUND

Plaintiff Biddings has been employed by Defendant as a Corrections Officer in the Lake County Sheriff's Department since July 2, 2007.

Between January 2006 and December 2008, Defendant maintained a "roll call" policy requiring Corrections Officers to report to work 15 minutes prior to the scheduled start of their shifts for "roll call." Thus, roll calls are held at 6:45 a.m., 2:45 p.m., and 10:45 p.m. Roll call consists of: (1) taking attendance; (2) providing specific assignments for the shift; (3) disseminating information on current conditions in areas of responsibility, recent directives, and orders of the Sheriff; and (4) visually inspecting personnel and their uniforms and accessories. According to Plaintiff, he and other Corrections Officers attended "roll call" for each of their shifts.

Plaintiff argues that the time spent by him and other Corrections Officers in "roll call" constituted employment for which they should have received wages from Defendant. Plaintiff argues that he incurred overtime hours for the time spent during "roll call," but that he was not compensated for this overtime. Further, according to Plaintiff, other Corrections Officers have told him that they were not paid any overtime compensation by Defendant for the overtime hours that they spent in "roll call."

## ANALYSIS

### A. Motion to Certify Collective Action

Under 29 U.S.C. § 216(b), an employee may bring an action to recover unpaid overtime compensation on "behalf of himself . . . and other employees similarly situated." This is known as a "collective action." *Harkins v. Riverboat Services, Inc.*, 385 F.3d 1099, 1101 (7th Cir. 2004). However, no employee may be a party plaintiff to a collective action "unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b).

Collective actions under the FLSA are fundamentally different than class actions under Federal Rule of Civil Procedure 23. Plaintiffs in a collective action must "opt-in" to the action to be bound by a judgment while plaintiffs in a Rule 23 class action must "opt-out." *See King v. General Electric Co.*, 960 F.2d 617, 621 (7th Cir. 1992); *Woods v. New York Life Ins. Co.*, 686 F.2d 578, 580 (7th Cir. 1982). Because of the "opt-in" requirement, a representative plaintiff in a collective action must be able to inform other individuals who may have similar claims that they may join his lawsuit. *Austin v. CUNA Mut. Ins. Soc'y*, 232 F.R.D. 601, 605 (W.D. Wis. 2006).

Section 216(b) does not explicitly provide for court-ordered notice. Nonetheless, the Supreme Court has held that, in appropriate cases, district courts have the discretion to implement § 216(b) by facilitating notice to potential plaintiffs. *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). Such court-authorized notice serves the broad, remedial purpose of the FLSA and comports with the court's interest in managing its docket. *Id.* at 172-74.

The FLSA neither defines the term "similarly situated" nor instructs courts when to exercise their discretion and authorize notice to potential plaintiffs. Nevertheless, a majority of federal courts have adopted a two-step approach. The first step requires Plaintiff to make a modest factual showing that he and the other employees to whom notice is to be sent were victims of a common policy or plan that violated the law. *See, e.g.*, *Sipas v. Sammy's Fishbox, Inc.*, No. 05 Civ. 10319(PAC), 2006 WL 1084556, at *2 (S.D.N.Y. Apr. 24, 2006); *Kreher v. City of Atlanta*, No. 1:04-CV-2651-WSD, 2006 WL 739572, at *2 (N.D. Ga. March 20, 2006); *Austin*, 232 F.R.D. at 605; *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 865 (S.D. Ohio 2005); *Hunter v. Sprint Corp.*, 346 F. Supp. 2d 113, 117 (D.D.C. 2004); *Mielke v. Laidlaw Transit*, 313 F. Supp. 2d 759, 762 (N.D. Ill. 2004); *Flores v. Lifeway Foods, Inc.*, 289 F. Supp. 2d 1042, 1045 (N.D. Ill. 2003); *Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998).

If Plaintiff makes this modest factual showing, then notice and an opportunity to "opt-in" can be sent to those employees who are similarly situated to the named Plaintiff. *See Cameron-Grant v. Maxim Healthcare Servs. Inc.*, 347 F.3d 1240, 1243 n. 2 (11th Cir. 2003); *Flores*, 289 F. Supp. 2d at 1045; *Austin*, 232 F.R.D. at 606. The action then proceeds through discovery as a representative or collective action. Though lenient, the "modest factual showing" standard is not a mere formality. *See, e.g., Flores*, 289 F. Supp. 2d at 1045-46 (evidence of defendant's payment practice concerning two out of 50 employees without more did not provide modest factual showing that employer had a common policy or plan to violate the FLSA). The "modest factual showing" requirement requires a plaintiff to "demonstrate a factual nexus that binds potential members of a collective action together." *Riddle v. National Sec. Agency, Inc.*,

No. 05 C 5880, 2007 WL 2746597, at *5 (N.D. Ill. Sept. 13, 2007). Unless the defendant admits that other similarly situated employees exist, a plaintiff cannot rely on allegations alone to make the required "modest factual showing." *Molina v. First Line Solutions LLC*, 566 F. Supp. 2d 770, 786 (N.D. Ill. 2007). Rather, although a plaintiff need not provide conclusive support, he still "must provide an affidavit, declaration, or other support beyond allegations in order to make a minimal showing of other similarly situated employees subjected to a common policy." *Id*.

The second step of the analysis occurs at the close of discovery when the defendant can move to dismiss the opt-in plaintiffs in light of the record developed during discovery. *See, e.g., Cameron-Grant*, 347 F.3d at 1243 n. 2; *Hunter*, 346 F. Supp. 2d at 117; *Flores*, 289 F. Supp. 2d at 1045. In such a case, the court must determine whether the plaintiffs who have opted into the lawsuit are, in fact, similarly situated to the representative Plaintiff. *Id.* If the court finds that any of them are not similarly situated to the representative Plaintiff, they are dismissed from the lawsuit without prejudice. *Id.*; *Kane v. Gage Merchandising Services, Inc.*, 138 F. Supp. 2d 212, 214 (D. Mass. 2001).

For now, the Court need not proceed past the first step. Plaintiff has made a "modest factual showing" sufficient to demonstrate that he has a basis for a claim that he and other similarly situated Corrections Officers were victims of a common policy or plan that violated the FLSA. In support of his claim, Plaintiff submits declarations from himself and David Ashley, a fellow Lake County Corrections Officer,[2] attesting that: (1) they attended roll call for each of their shifts; (2) they were not paid for the time they spent in roll call; and (3) other Corrections

---

[2] The Court notes that Mr. Ashley is not a potential putative class member as he is a named plaintiff in another collective action, cause number 2:06-cv-360, in which the class was certified. The Court assumes that Plaintiff relies on the Declaration of Mr. Ashley to support that other Corrections Officers were not paid overtime for the time they spent in "roll call."

Officers told them that they also were not paid for the time spent in roll call.[3] Further, Plaintiff has submitted evidence of the "roll call" policy implemented by the Lake County Sheriff's Department, requiring all Corrections Officers to work 15 minutes prior to the scheduled start of their shifts or be marked as tardy. Accordingly, the Court finds that Plaintiff has made a modest factual showing that Defendant has a common policy that violated the FLSA and that this case is appropriate for court-facilitated notice. Therefore, the Court grants Plaintiff's Motion to Certify Collective Action.

### B. Motion for Approval of Proposed Collective Action Notice and Opt-In Consent Form

Next, the Court turns to Plaintiff's request for approval of his proposed collective action notice and opt-in consent form. Once a collective action is conditionally approved, "the court has managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Hoffmann-LaRoche*, 493 U.S. at 170-71. In approving a notice to potential plaintiffs, the Court must be careful not to create an "apparent judicial sponsorship of the notice." *Jirak v. Abbot Laboratories, Inc.*, 566 F. Supp. 2d 845, 850 (N.D. Ill. 2008). Moreover, in exercising its discretionary authority to oversee the notice-giving process, the Court "must be scrupulous to respect judicial neutrality" and "take care to avoid even the appearance of a judicial endorsement of the merits of the action." *Hoffmann-LaRoche*, 493 U.S.

---

[3] Although comments made by other Corrections Officers may be considered hearsay, courts are split on whether it is appropriate to consider inadmissible evidence at this stage of the proceedings. *Howard v. Securitas Security Services, USA Inc.*, No. 08 C 2746, 2009 WL 140126, at *3 (N.D. Ill. Jan. 20, 2009). However, several courts in this Circuit have held that a representative plaintiff at the initial certification stage may rely on hearsay. *See Id.* (finding that plaintiffs need not set forth evidence that would be admissible at trial in support of a preliminary § 216(b) motion); *Molina*, 566 F. Supp. 2d at 789 n. 20 (noting that testimony that is hearsay may be considered in deciding whether to permit a collective action); *Coan v. Nightingale Home Healthcare, Inc.*, 1:05-CV-0101-DFH-TAB, 2005 WL 1799454, at *1 n. 1 (S.D. Ind. June 29, 2005) (providing that "[a]t this preliminary stage and for these preliminary purposes, plaintiffs need not come forward with evidence in a form admissible at trial"). Accordingly, the Court concludes that even if these statements constitute hearsay, they are of proper use at this stage of the proceedings.

at 174. Further, the Seventh Circuit has provided that "we think it improper for the district court to direct that the notice go out on its letterhead, over the signature of the clerk of court or other judicial officer" because "the judicial imprimatur is likely to be misunderstood as a representation that the suit probably has merit." *Woods*, 686 F.2d at 581.

Plaintiff's proposed notice includes the entire caption of the instant case in a way that makes it clear that the notice is a court document rather than a correspondence from the Court. Further, the proposed notice provides that the Court has not made any determination as to the merits of the case. Accordingly, the Court finds that the proposed notice does not imply court sponsorship and is proper.

Nonetheless, the Court notes that at various sections throughout the proposed notice, and in the opt-in form, the phrases "[insert date – three years preceding the Court's Order approving conditional certification of the collective action]," "[insert specific date 45 days after notice mailed]," and "[insert date – any period of time from three (3) years preceding the Court's order approving the conditional certification of the collective action]" appear. It appears to the Court that Plaintiff must modify the proposed notice and opt-in form to insert the correct date. Although the proposed notice and opt-in forms are substantively proper, because of this error, the Court denies the instant Motion with leave to refile.

## CONCLUSION

For the foregoing reasons, the Court hereby:

(1) **GRANTS** the Plaintiff's Motion to Certify Collective Action [DE 11] and **ORDERS** that the following class will have collective action status:

Present and former Corrections Officers in the Lake County Sheriff's Department employed by Lake County, who worked for any period of time from three years preceding the Court's order approving conditional certification of the collective action until December 31, 2008, and whom Lake County failed to pay overtime wages for the time he or she spent in "Roll Call," resulting in unpaid overtime.

(2) **ORDERS** Defendant to produce for Plaintiff a list, in electronic format and within ten (10) days of the Court's Order, of all Corrections Officers who have worked for any period of time from three years preceding the Court's Order approving conditional certification of the collective action until December 31, 2008, including their name, job title, rank, address, telephone number, dates of employment as a Corrections Officer, and employee number; and

(3) **DENIES without prejudice and with leave to refile** the Plaintiff's Motion for Approval of Proposed Collective Action Notice and Opt-In Consent Form [DE 13].

So ORDERED this 15th day of July, 2009.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT

cc: All counsel of record